UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- AT LEXINGTON

| | |
|---|---|
| BEN AFSHARI, | CIVIL ACTION NO. 5:16-193-KKC |
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| MIKE ELLIG,<br>MONTANA BLACK GOLD INC.,<br>SIGHT INC., and<br>BLACK GOLD ARCHERY LLC | |
| Defendants. | |

This matter is before the Court on several motions to dismiss filed by the defendants (DE 11, 27, 31). For the following reasons, the motions must be granted.

I.  Background

Plaintiff Ben Afshari, who is proceeding pro se in this action, is an inventor in the firearms and archery field. He has obtained patents on several of his inventions. Among those patents is one for a fiber-optic bow sight. The parties refer to that patent as the '321 Patent.

Afshari alleges that various companies in the archery field infringed on one or more of his patents, which forced him to file bankruptcy in August 2014. (DE 31-1, Response.) In the bankruptcy action, he represented that his patent portfolio had no value. (DE 27-2, Schedule B.) Nevertheless, in November 2015, he sued Bear Archery, Inc. – a company not involved in this action – for infringing the '321 Patent. That case was resolved and Afshari received a "substantial" settlement. (DE 1-1, May 16, 2016 e-mail from Afshari to Ellig.)

Later, in January 2016, he filed suit against defendants Montana Black Gold Inc. and Sight Inc. alleging that these companies were also infringing his '321 Patent. (DE 1, Complaint ¶ 1; DE 7-1, Afshari Aff. ¶ 4.) Mike Ellig was a former owner of Montana Black

Gold Inc. and is the current owner of Sight Inc. Ellig responded to Afshari's lawsuit by sending Afshari a letter via e-mail on May 11, 2016. It is that letter that is the root of this action. (DE 1-1, Ellig Letter.) Afshari asserts that, with the letter, Ellig committed various wrongs against him, including defamation, extortion, and blackmail.

In the letter, Ellig asserted that Afshari's fiber-optic bow sight patent was invalid because Afshari's design was actually nothing new; other bow sights employing the same design had been patented before Afshari's. Ellig then went on to address what he believed to be inconsistencies between Afshari's lawsuit against Bear Archery for infringement and Afshari's previous representations to the bankruptcy court that his patents had no value.

"We are also aware that you were currently suing Bear Archery for infringement of your '321 patent at the time your bankruptcy case was filed. However, you disclosed to the bankruptcy trustee that the '321 patent did not have any value." Ellig continued by explaining what he believed to be the significance of the inconsistencies. "Because you were currently suing Bear Archery for infringement, and you were planning on suing Montana Black and/or other archery equipment companies for infringement of the '321 patent, it is clear that you did not believe the '321 patent did not have any value." In Ellig's view, Afshari's actions in the bankruptcy court constituted "misrepresentation and withholding of information" and "could constitute fraud." He then warned Afshari:

> If we were to notify the [bankruptcy] trustee and she agreed to re-open the [bankruptcy] proceedings, she would most likely take control of your infringement claim and the '321 patent as well as _all_ of your other patents. Ben, I really don't want to have to do this but you will force me to re-open your bankruptcy if you disregard all of the above evidence.

Ellig further warned Afshari that, if he continued with the infringement action against Montana Black Gold Inc. and Sight Inc., "we" will ask the U.S. Patent and Trademark Office to find the '321 patent invalid. Afshari asserts that Ellig also verbally

2

threatened to "have people he knows including the new owners of Montana Black Gold" buy all of the plaintiff's patents from the bankruptcy trustee. (DE 1, Complaint, ¶ 2.)

Afshari began this action on June 13, 2016 by filing suit against only Ellig, alleging that the letter constituted blackmail, defamation, intentional infliction of emotional distress, and wrongful interference with economic advantage. Afshari later filed an amended complaint (DE 9, Amended Complaint), adding three corporate defendants: Montana Black Gold Inc., Sight Inc., and Black Gold Archery LLC. In the amended complaint, Afshari continues to assert the same claims against Ellig based on the letter as he did in the first complaint.

As to the new corporate defendants, Afshari does not mention any of them by name other than in the caption, but he does make certain allegations against simply the "Defendants." He asserts that "the Defendants" are liable for Ellig's actions because Ellig made the alleged threats "on behalf of all defendants." (DE 9, Amended Complaint ¶ 1.A.) He further asserts that the "Defendants" have now contacted the bankruptcy trustee to reopen has bankruptcy case so that they can purchase certain of his patents. He asserts that this contact with the trustee's office constitutes abuse of process.

Afshari is a Kentucky resident but none of the defendants is. They now move to dismiss the claims against them, arguing that this Court does not have personal jurisdiction over them and that Afshari has failed to assert any claims against them.

## II. Analysis

As it must, the Court will first address the defendants' motions objecting to this Court's personal jurisdiction over them.

To assert personal jurisdiction over a defendant, a federal court sitting pursuant to either federal question or diversity jurisdiction must find that: 1) the exercise of personal jurisdiction would not deny the defendant due process; and 2) the defendant is amenable to service of process under the forum state's long-arm statute. *See Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (regarding personal jurisdiction in federal question cases); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (personal jurisdiction in diversity cases).

The Kentucky Supreme Court has determined that the state's long-arm statute does not allow for personal jurisdiction to the full extent of the due-process clause. *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011). In other words, there may be situations where a defendant has sufficient contacts with the state to satisfy jurisdiction under the due-process clause but the Kentucky statute still does not permit jurisdiction. *Id.* (*citing Banco Ambrosiano, S.P.A. v. Artoc Bank & Trust Ltd.*, 464 N.E.2d 432, 435 (N.Y. 1984)).

Thus, in determining whether this Court may exercise personal jurisdiction over a defendant, the Court must first look to whether jurisdiction is permissible under Kentucky's long-arm statute. KRS § 454.210. If a defendant cannot be reached by Kentucky's long-arm statute, the Court need not address the issue of constitutional due process. *See Coleman v. Elliott*, No. 3:14-CV-00640-CRS, 2015 WL 3407320, at *2 (W.D. Ky. May 26, 2015); *Wilson v. Hirschbach Motor Lines, Inc.*, No. CIV.A. 14-139-DLB-HA, 2015 WL 1585338, at *5 (E.D. Ky. Apr. 9, 2015).

Kentucky's long-arm statute provides that a Kentucky court may exercise personal jurisdiction over a person with regards to a claim arising from certain specified actions by that person. To determine whether any defendant's acts fall within those delineated in the

long-arm statute, the Court must determine precisely what actions Afshari alleges that the various defendants took. Again, in the complaint, the only individual mentioned is Ellig. Afshari does not discuss actions by any other person. As to the corporate defendants, Afshari alleges that these defendants are liable for Ellig's actions because Ellig acted "on behalf of all defendants." (DE 9, Amended Complaint, ¶ 1.A.)

With his motion to dismiss, Ellig has submitted evidence that he resides in Montana and has never resided in Kentucky. Further, he submits evidence that he sent the e-mail to Afshari from Montana and that he made all verbal communications to Afshari via telephone from Montana. (DE 5-2, Ellig Aff.) Thus, Afshari does not allege that Ellig took any actions in Kentucky. Further, because Afshari alleges that the corporations acted only through Ellig, he does not allege that any defendant took any action in Kentucky either. Accordingly, the only specified action in the Kentucky long-arm statute relevant to the acts that Afshari alleges that the defendants took is "causing tortious injury in this Commonwealth by an act or omission *outside this Commonwealth*." KRS §§ 454.210(2)(a)(4) (emphasis added). This provision, however, permits the Court to exercise jurisdiction over non-resident defendants only under certain additional conditions.

Those conditions are that the defendant 1) regularly does or solicits business in Kentucky, 2) engages in any other persistent course of conduct in Kentucky, or 3) derives substantial revenue from goods used or consumed or services rendered in Kentucky. With any of these conditions, the tortious injury occurring in Kentucky must arise out of the stated activities. KRS § 454.210(2)(a)(4).

Ellig submits an affidavit stating that he does not regularly do or solicit business in Kentucky or engage in any other persistent course of conduct in the state. He further states that he does not derive any revenue from Kentucky. (DE 5-2,Ellig Aff.) The plaintiff has the

5

burden of establishing personal jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Where personal jurisdiction is challenged through a properly supported motion to dismiss, the plaintiff cannot "stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id*. Afshari has not submitted any evidence refuting Ellig's assertions regarding his lack of activity in Kentucky. Accordingly, Ellig's motion to dismiss for lack of personal jurisdiction must be granted.

As to the defendant Montana Black Gold Inc., it has submitted evidence that Ellig formerly owned the company but, in November 2015, he sold the company's assets and name to Black Gold Archery LLC. (DE 27-2, Amended and Restated Articles, Assume Name Filing.) In his response, Afshari recognizes the sale of Montana Black Gold Inc. occurred. (DE 29, Response at 1-2.) Again, Afshari has alleged that the corporate defendants acted only through Ellig. He has not alleged that any other corporate representative took any actions on Montana Black Gold Inc.'s behalf. Because the complaint alleges actions by Ellig only after he sold Montana Black Gold Inc., Afshari has not alleged any activity by Montana Black Gold Inc. at all. Accordingly, the Court cannot find that it has personal jurisdiction over the company and its motion to dismiss must also be granted.

As to Sight Inc., in its motion to dismiss, it asserts that it has never done business in Kentucky. In fact, it asserts it has never done any business at all. In response, Afshari alleges only that Montana Black Gold Inc. and Black Gold Archery LLC have or continue to do business in Kentucky. He makes no allegation about Sight Inc. (DE 29, Response at 4, ¶ III.) Accordingly, the Court cannot find that it has personal jurisdiction over Sight Inc. and its motion to dismiss must be granted.

As to Black Gold Archery LLC, Afshari does not make any allegations explaining why Ellig's actions should be attributed to it. Afshari does not allege any relationship between Black Gold Archery LLC and Ellig at all. Ellig is a Montana resident. Afshari has submitted evidence that Black Gold Archery LLC is located in Oregon. (DE 15-4, Oregon Sec. of State Filings.) Nor does Afshari allege that any other Black Gold Archery LLC representative took any actions on its behalf. Accordingly, Afshari has not alleged any activity on behalf of Black Gold Archery LLC and the Court cannot find that it has personal jurisdiction over the company. Its motion to dismiss must, therefore, also be granted.

Because the Court has found that it cannot exercise personal jurisdiction over any of the four defendants, Afshari's claims will be dismissed without prejudice. This ruling does not address the merits of any of Afshari's claims. It simply finds that Afshari cannot bring his claims against these defendants in Kentucky.

For all these reasons, the Court hereby ORDERS as follows:

1) the motions to dismiss by defendants Mike Ellig (DE 11), Montana Black Gold Inc. and Sight Inc. (DE 27) and Black Gold Archery LLC (DE 31) are GRANTED;

2) the plaintiff's claims against these defendants are DISMISSED without prejudice; and

3) judgment consistent with this opinion will be entered.

Dated September 14, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY